UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERMILIO RODRIGUEZ MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>ON HABEAS CORPUS,<br><br>    Respondent. | Case No.: 1:15-cv-01013-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 11)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |

Respondent argues the petition, filed on August 6, 2015[1], is untimely and should be dismissed. Because the Court agrees, it **GRANTS** the motion to dismiss and orders it **DISMISSED**.

**I.**     DISCUSSION

    A.     Procedural Grounds for Motion to Dismiss

---

[1] Petitioner did not sign and date his lodged first amended petition, as required by law. **Error! Main Document Only.**Local Rule 131 requires a document submitted to the Court for filing to include an original signature. In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." Accordingly, the Court never granted the motion to amend and never directed the Clerk of the Court to file the lodged first amended petition. That technical problem, however, is irrelevant to the issue of timeliness since the amended petition would not have altered the Court's conclusion that the original petition was filed after the one-year period had already expired.

1

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Moreover, a motion to dismiss is permitted if it attacks the pleadings for failing to exhaust state remedies or for violating the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

In his motion to dismiss, Respondent argues the petition violates the one-year limitation period set forth in 28 U.S.C. 2244(d)(1). Because the motion to dismiss is similar in procedural posture to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion pursuant to its authority under Rule 4.

A. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 30, 2015, and thus, it is subject to the provisions of the AEDPA.

The AEDPA requires the petition to be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner was convicted on September 16, 2010 in the Kern County Superior Court of forcible oral copulation, oral copulation by a person over age twenty-one on a person under age sixteen, and committing a lewd act on a child fourteen or fifteen years old while being at least ten years older than the minor. (Lodged Document ("LD") 1). After enhancements were proven, the court sentenced Petitioner to a determinate state prison term of twenty-five years. (LD 1; 2).

Petitioner initiated his direct appeal in the California Court of Appeal, Fifth Appellate District ("5th DCA"), which, on March 19, 2012, affirmed the judgment. (LD 2). Subsequently, Petitioner filed a petition for review in the California Supreme Court that was denied on June 13, 2012. (LD 4). Thus, direct review would have concluded on September 11, 2012, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, September 12, 2012, or until September 11, 2013, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. Petitioner filed this action on June 30, 2015[2], almost two years after the date the one-year period expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the petition is untimely and must be dismissed.

    B.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v.

---

[2] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on June 30, 2015. (Doc. 1, p. 60).

1  Chavis, 546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); see
2  also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

3        Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.
4  For example, no statutory tolling is allowed for the period of time between finality of an appeal and
5  the filing of an application for post-conviction or other collateral review in state court, because no
6  state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v.
7  Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the
8  period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the
9  limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v.
10 Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059,
11 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to
12 statutory tolling where the limitation period has already run prior to filing a state habeas petition.
13 Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the
14 reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v.
15 White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling
16 when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165,
17 1166 (9th Cir. 2006).

18       Respondent has lodged documents with the Court that establish that Petitioner filed the
19 following state habeas petitions: (1) petition filed in the Superior Court of Kern County on June 4,
20 2014, and denied on August 25, 2014 (LD 5); (2) petition filed in the 5th DCA on October 12, 2014,
21 and denied on November 10, 2014 (LD 6; 7); and (3) petition filed in the California Supreme Court on
22 December 7, 2014, and denied on March 11, 2015 (LD 8; 9).

23       Although Petitioner filed three state habeas petitions, none of those petitions afford Petitioner
24 any statutory tolling under the AEDPA because they were filed after the one-year period had already
25 expired. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir.
26 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer,
27 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period
28 that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir.

1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). As mentioned, the limitations period expired on September 11, 2013, approximately nine months *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

Petitioner also filed a prior federal habeas petition in this Court, in case no. 1:13-cv-00683-BAM, which was dismissed on February 5, 2014 for lack of exhaustion. However, it is well-established that no statutory tolling is awarded for the pendency of federal habeas petitions. E.g., Duncan v. Walker, 533 U.S. 167, 181 (2001).

C. Equitable Tolling.

In his Notice of Lodging Documents [sic], Petitioner argues that he was unable to fully litigate case no. 1:13-cv-00683-BAM due to a prison transfer, prison lockdowns, lack of access to the prison law library, and his ignorance of legal matters. (Doc. 14). The Court will construe these allegations as a request for equitable tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

A petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).  Unpredictable lockdowns or library closures do not constitute "extraordinary" circumstances warranting equitable tolling. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).  This is true for the simple and obvious reasons that transfers, library closures, lockdowns, etc., are regular facts of prison life for California state inmates; thus, by definition, such circumstances cannot be "extraordinary" such as to entitle an inmate to equitable tolling.

Similarly, a Petitioner's indigent status and limited legal knowledge is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Such circumstances are not extraordinary and do not justify equitable tolling.  If limited library resources, lockdowns, and lack of legal knowledge were legitimate excuses for not complying with the limitations period, Congress would have never enacted the AEDPA since most incarcerated prisoners have these same problems.  Thus, the limitations period will not be equitably tolled.

## **CONCLUSION**

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544

U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue.  Accordingly, the petition is late and must be dismissed.

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. Respondent's motion to dismiss (Doc. 11), is **GRANTED**;
2. The petition for writ of habeas corpus (Doc. 1), is **DISMISSED** as untimely;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 6, 2015**              /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE